IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

AMANDA MOSS, *et al.*,              )
                                    )
            Plaintiffs,             )
                                    )
v.                                  )        CIVIL ACT. NO.  2:10CV570-WKW
                                    )
GIFF SIZEMORE, *et al.*,            )
                                    )
            Defendants.             )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

Plaintiffs Amanda Moss and Dekater Thorpe, residents of Leeds, Alabama, bring this federal lawsuit pursuant to 42 U.S.C. § 1983, asserting that their civil rights were violated during the course of an investigation by the Department of Children and Families in Bonifay, Florida.  Upon review of the allegations presented in the complaint, the court concludes that this case should be transferred to the United States District of Court for the Northern District of Florida pursuant to 28 U.S.C. § 1404.[1]

A civil action seeking relief under 42 U.S.C. § 1983 "may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is

---

[1] The court makes no determination about its jurisdiction at this time notwithstanding that, with respect to many of the defendants and claims, it is arguable that this court lacks jurisdiction in this case.

no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  However, the law further provides that "[f]or the convenience of the parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."  28 U.S.C. § 1404(a).

All of the defendants reside in Bonifay, Florida.  It is likewise clear from the plaintiffs' recitation of the facts that only officials in Bonifay, Florida are personally involved in the alleged constitutional violations made the basis for the instant complaint.[2]  Moreover, the actions about which the plaintiffs complain occurred in the Northern District of Florida.  Thus, it is clear that the majority of witnesses and evidence associated with this case are located in the Northern District of Florida.

In light of the foregoing, the court concludes that, in the interest of justice, this case is due to be transferred to the Northern District of Florida.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that, pursuant to 28 U.S.C. § 1404(a), this case be TRANSFERRED to the United States Court for the Northern District of Florida.  It is further

ORDERED that the parties shall file any objections to the said Recommendation on

---

[2] The plaintiffs' complaint indicates that the defendants may have contacted a State of Alabama Department of Human Resources employee and that plaintiff Amanda Moss may have traveled from Florida to Alabama with her children at some point during the investigation.  The plaintiff, however, does not bring this lawsuit against any individuals in Alabama.

2

or before **August 3, 2010.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of July, 2010.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE